UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| DOUGLAS B. HACKETT,<br><br>        Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA10.<br><br>        Defendant. | Case No. 19-cv-00015-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

On April 1, 2019, Plaintiff Douglas B. Hackett, proceeding pro se, filed a First Amended Complaint (FAC) against Defendant Bank of New York Mellon ("BONY"), alleging that BONY effectively stole his real property and violated his right to due process through its allegedly improper and fraudulent foreclosure of his home. Hackett also filed a Motion for a Temporary Restraining Order (TRO).

1

Hackett seeks the return of his real property, an injunction to prevent his eviction, compensatory damages, and the return of mortgage payments made.

On April 16, 2019, BONY moved to dismiss the FAC on various grounds, including the applicability of the *Rooker-Feldman* doctrine and res judicata. Because the claims and relief sought in the FAC are barred by the *Rooker-Feldman* doctrine, the Motion to Dismiss is GRANTED, and the FAC is DISMISSED for lack of subject-matter jurisdiction. Because amendment would be futile, leave to amend is DENIED. Hackett's motion for a TRO (or preliminary injunction) is DENIED as moot.

## **BACKGROUND**

In 2006, Hackett purchased a home at 82-955 Aka Ala Street, Captain Cook, Hawaii (the subject property). Motion to Dismiss (MTD), Dkt. No. 23, Ex. A, Signed Promissory Note. The subject property was purchased through a mortgage loan (Mortgage) from Countrywide Home Loans. *Id.* The Mortgage was then assigned to Defendant BONY. *Id.*, Assignment of Mortgage. On March 6, 2012, BONY commenced judicial foreclosure proceedings in the Circuit Court of the Third Circuit, State of Hawaii, Civil No. 12-1-140K. FAC, Ex 1.[1]

---

[1] The Court takes judicial notice of the documents from the Third Circuit Court (Dkt. No. 23). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take notice of proceedings in other courts, both within

2

On October 25, 2016, the State court issued its Findings of Facts, Conclusions of Law, and Order Granting [BONY's] Third Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure. MTD, Ex. C; Ex. L, Docket Report, Entry #245.

Hackett subsequently filed several actions related to this foreclosure in various courts, including State-court motions, bankruptcy court proceedings, and another civil case in the Federal District Court for the District of Hawaii, which Judge Seabright dismissed on August 7, 2017 on the basis of *res judicata*. *See* MTD, Ex. L*; Hackett v. Specialized Loan Servicing, LLC,* 16-cv-00358-JMS-RLP (D. Haw. 2017).

On January 14, 2019, Hackett initiated the instant suit, filing a Complaint and Motion for Injunctive Relief (TRO). Dkt. No. 1. During the February 28, 2019 status conference on Hackett's TRO, the Court instructed Hackett to consider the preclusive effect of the *Rooker-Feldman* doctrine in deciding how to proceed. Dkt. No. 12.

Hackett filed an Amended Complaint (FAC) on April 1, 2019. Dkt. No. 19. Therein, Hackett asserts thirteen counts against BONY, alleging various

---

and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quotation omitted).

inexact causes of action, which the Court here seeks to interpret.[2]  *Id.*   First, Hackett alleges the loss of real and personal property under the Fifth and Fourteenth Amendments.  *Id.*   Second, Hackett claims that BONY, and possibly its predecessors, perpetrated fraud on the courts in obtaining the foreclosure of the subject property.  *Id.*

More specifically, Hackett alleges that he tendered full payment of the Promissory Note to BONY by presenting an "international promissory note" on March 28, 2018, two years after the termination of the foreclosure proceedings in the Third Circuit.  TRO Reply, Dkt. No. 37, Ex. 1.  He also appears to allege that he sold the subject property to himself at some point, such that the foreclosure of the property was a violation of his alter ego's (the purchaser's) rights.  MTD Opposition, Dkt. No. 35.  Hackett supports these assertions with documents that resemble legal instruments but are not, including a notarized "financing statement" securing the purchase of the subject property in a sale from Hackett to himself; a document prepared by Hackett wherein "DOUGLAS BRUCE HACKETT" grants exclusive power of attorney to "Douglas Bruce Hackett"; and a "Legal Notice" disclaiming any law enforcement efforts against him.  MTD Opposition, Ex. 1.

---

[2]The FAC originally included Judge Robert Kim as a defendant but he has since been dismissed from the lawsuit via notice of dismissal.  Dkt. No. 29.

Along with the FAC, Hackett filed a second TRO.[3] *Id.* Hackett seeks injunctive relief to prevent BONY from evicting him from the subject property. TRO Motion at 1. In support of this Motion, Hackett attaches a "Notice to Vacate" issued by a law firm representing BONY, the titleholder of the subject property, dated May 10, 2019. *Id.*, Ex. 1.

Liberally construing the FAC, apart from the claims brought under the Constitution, it appears that Hackett's claims sound in fraud. Among other things, Hackett seeks the return of his real property, an injunction to prevent his eviction and monetary damages in the amount of $1,620,000. FAC at 48.

## STANDARD OF REVIEW

### I. Subject Matter Jurisdiction

BONY argues that the *Rooker-Feldman* doctrine prevents Hackett from bringing some or all of his claims. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). The Court,

---

[3]The Court denied Hackett's First TRO on February 28, 2019. Dkt. No. 12.

5

therefore, construes this argument as one challenging the Court's subject matter jurisdiction, which is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See* Fed.R.Civ.P. 12(b)(1) (concerning lack of subject matter jurisdiction); *see also Murray v. Dep't of Consumer & Bus. Services*, 2010 WL 3604657, at *9 n.4 (D.Or. Aug. 12, 2010) (applying Rule 12(b)(1) principles to a *Rooker-Feldman* argument).

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## II.  Pro Se Status

Because Hackett is proceeding pro se, the Court liberally construes his filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## **DISCUSSION**

BONY moves for dismissal of all causes of action asserted in the FAC with prejudice. It does so relying, in part, on the *Rooker-Feldman* doctrine. The Court addresses this issue first because it is jurisdictional.

**I.**  ***Rooker-Feldman***

The Ninth Circuit Court of Appeals has described the *Rooker-Feldman* doctrine as follows:

> *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).

Here, the causes of action asserted in the FAC concern the foreclosure of the subject property by BONY. Principally, through those causes of action, Hackett seeks to have the property title re-conveyed to him and for BONY's ownership of the same to be nullified. FAC at 48. He also seeks to forestall his eviction in spite of the state's foreclosure judgment. *Id.*

Notably, attached to both the FAC and the Motion to Dismiss are various documents from Hackett's case before the Third Circuit Court of the State of Hawaii. The case is *Bank of New York Mellon, et al. v. Douglas B. Hackett, et al.,* Civil. No. 12-1-140K. *See, e.g.*, FAC, Dkt. No. 18-1. Among other things in that proceeding, on October 25, 2016, the State court issued its Findings of Facts, Conclusions of Law, and Order Granting [BONY's] Third Motion for Summary Judgment for Foreclosure against All [Plaintiffs] and for Interlocutory Decree of Foreclosure. Dkt. No. 23-11, 20.

Generally, therefore, Hackett cannot now ask this Court to effectively overturn the Third Circuit Court's rulings by taking title of the subject property away from BONY and returning it to Hackett. *See Bianchi*, 334 F.3d at 898.

Hackett argues that *Rooker-Feldman* does not apply because "[the judgment in] Civil Case #12-1-140K is moot/ or VOID… there was a subject matter jurisdictional failing…[t]hus, the court lacked jurisdiction to proceed judicially in the case." FAC ¶15. Hackett, in other words, appears to challenge the jurisdiction of the State court on the basis that "in the event there isn't a competent witness to verify facts…, the decision-maker doesn't have subject matter jurisdiction" and that BONY did not have such a fact witness. *Id.* ¶17. Of course, this is exactly the type of action foreclosed by *Rooker-Feldman*: any challenge to the State court's jurisdiction should be made through that court, or through the state's appeal process, not through a separately-filed challenge in Federal court.

Undeterred, Hackett also alleges that the loss of his home was caused by BONY's fraud, not by the Third Circuit Court. FAC at ¶ 15. The Ninth Circuit has explained that, in some circumstances, when the focus of a claim "is not on whether a state court committed legal error, but rather on a wrongful act by the adverse party," *Rooker-Feldman* may not apply. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quotation omitted).

This, however, is not one of those exceptional circumstances. That is because the Ninth Circuit has also explained that, when the alleged wrongful acts have already been addressed in State court, any claim focused upon them would still be barred by *Rooker-Feldman*. *Id*. at 859-860. Here, BONY's alleged wrongful acts were addressed by the Third Circuit Court. Notably, BONY's Motion for Summary Judgment (MSJ), which the State court granted, was opposed by Hackett. MTD, Ex. B, Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Third Motion for Summary Judgment (Reply), April 16, 2016. In his Reply, Hackett presented the arguments that "the alleged and attempted [assignment of the mortgage to BONY] is invalid and/ or fraudulent" and "[BONY] has no privity in this matter." *Id.* at ¶¶3-6. Indeed, the parties addressed BONY's standing to foreclose, the fact that BONY was the current holder of the Promissory Note and Mortgage, that Hackett was in default of the loan, and that Hackett had failed to cure the default. *Id*. at ¶3. These are exactly the arguments Hackett pursues here. In granting BONY's MSJ, the Third Circuit Court stated, "The Court having reviewed the Motion, Opposition and the supporting declarations, based on the record herein, and for good cause appearing…Plaintiff's Third Motion for Summary Judgment for Foreclosure Against All Defendants and For Interlocutory Decree of Foreclosure filed July 19,

2016, is Granted." MTD, Ex. C, Order Granting Plaintiff's Third Motion for Summary Judgment for Foreclosure. Thus, in considering BONY's MSJ, the Third Circuit was presented with the same contentions as Hackett presents here *and rejected them. See Guinn v. Apartment Owners Ass'n of Makaha Valley Towers Bd. of Directors*, 2015 WL 855151, at *7 (D. Haw. Feb. 27, 2015) (explaining that the *Rooker-Feldman* exception does not apply to fraud that "goes to the heart of the issues that were before the state court.").

Moreover, in denying Hackett's subsequently filed Motion for Relief from Final Judgment and Temporary Restraining Order and entering an order "confirming foreclosure sale" and "directing conveyance and for writ of ejectment," the Third Circuit Court again rejected Hackett's argument and foreclosed this Court's review of Hackett's nearly identical claims. *See* MTD, Ex. L, Third Circuit Docket Report in 12-1-140K. As a result, in asserting claims focusing upon BONY's alleged fraud, Hackett is still asking this Court to review the rulings of the Third Circuit Court concerning the same issue. Such claims are barred by *Rooker-Feldman*. *Reusser*, 525 F.3d at 860.

Indeed, Hackett himself plainly states "the simple Truth is that for a multitude of reasons the auctioning of the subject property by the DEFENDANT TRUSTEE is Theft and it must be returned to the rights Owner along with

damages." (sic). Plaintiff's Opposition, Dkt. No. 37, at 5. This statement, perhaps more plainly than any, demonstrates that Hackett's efforts are aimed at unraveling the Third Circuit Court's decision and attendant outcomes. This aim falls squarely within the proscription of the *Rooker-Feldman* doctrine.

The same is true of Hackett's claims brought under the U.S. Constitution. While framed as constitutional, these claims likewise challenge the same Third Circuit Court rulings described above and meet the same fate. This Court is prohibited from such review of a State court decision. *See Feldman*, 460 U.S. at 483 n.16.

**II. No Leave to Amend**

Leave to amend should not be allowed when amendment would be futile. Here, amendment of all of Hackett's claims would be futile. In light of the documents from the proceeding before the Third Circuit Court, none of Hackett's claims related to his real property can be cured by amendment because they are foreclosed by the *Rooker-Feldman* doctrine. As a result, the Court declines to allow leave to amend.[4]

---

[4]While not dispositive, the Court notes that Hackett has not requested leave to amend.

## CONCLUSION

For the reasons set forth herein, the Bank of New York Mellon's Motion to Dismiss First Amended Complaint, Dkt. No. 23, is GRANTED without leave to amend. Hackett's Motion for Emergency Temporary Restraining Order, Dkt. No. 30, is DENIED. The Clerk is instructed to enter Judgment, pursuant to this Order, in favor of Defendant Bank of New York-Mellon and to then close this case.

IT IS SO ORDERED.

DATED: August 5, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge